IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GEORGE BOUNDS                                                                                           PLAINTIFF

v.                                                                             CIVIL ACTION NO. 1:22-CV-37-SA-DAS

GEORGE LAW; EQUIPMENT LEASING
AND MAINTENANCE, *et al.*                                                                            DEFENDANTS

ORDER

On November 29, 2021, George Bounds filed his Complaint [2] against George Law and Equipment Leasing and Maintenance ("Equipment Leasing") in the Circuit Court of Monroe County, Mississippi.[1] After being served with process, Law timely removed the case to this Court. *See* [1]. Now before the Court is Bounds' Motion to Remand [5]. Law has not responded to the Motion [5], and the time to do so has passed.

*Relevant Background*

On December 23, 2018, Bounds was traveling in his vehicle "near the intersection of South Columbus and Hwy 45 North in Monroe County, Mississippi." [2] at p. 3. Law was also traveling in this area at the same time. Bounds alleges that Law was operating a vehicle which Equipment Leasing owned. Bounds further contends that Law negligently "merged into [Bounds'] lane" and caused a collision between the two vehicles. *Id*.

As noted above, Bounds filed suit against Law and Equipment Leasing in the Circuit Court of Monroe County. In his Complaint [2], he asserts negligence claims against Law and Equipment Leasing and seeks damages for pain and suffering, serious bodily injury, medical bills, temporary

---

[1] The Complaint [2] lists multiple other names under which Equipment Leasing operates. However, for the sake of clarity, the Court will simply refer to the entity as "Equipment Leasing."

and/or permanent impairment and disability, financial loss, emotional and mental suffering, and loss of enjoyment of life.

After being served with process, Law removed the case to this Court, premising federal jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. Law contends that "[i]t is apparent from a fair reading of the Complaint filed by the Plaintiff that he seeks damages in excess of $75,000[.]" [1] at p. 2. Law further notes that Bounds is an Alabama resident and that "Law, is, in fact, an adult resident citizen of the State of Mississippi. The other Defendant named by the Plaintiff does not exist and has been misjoined." [1] at p. 3.

On March 30, 2022, Bounds filed the present Motion to Remand [5], representing that "the amount in controversy does not exceed Seventy-Five Thousand Dollars ($75,000.00)[.]" [5] at p. 1. He therefore requests that the Court remand the case to the Circuit Court of Monroe County.

*Applicable Standard*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accidents Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). After removal of a case, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

*Analysis and Discussion*

As noted above, two requirements must be satisfied for diversity jurisdiction to exist: "(1) complete diversity between the parties and (2) an amount-in-controversy in excess of $75,000." *Super Truck Stop 35-55, LLC v. Nissi Ins. Solutions, LLC*, 2016 WL 5477725 at *3 (N.D. Miss. Sept. 29, 2016) (citing 28 U.S.C. § 1332) (additional citation omitted).

Setting aside for now the complete diversity requirement, the Court will first look to the amount-in-controversy requirement, as it is pertinent to the present request. "Courts generally begin the amount-in-controversy analysis by 'looking only to the face of the complaint and asking whether the amount in controversy exceeds the jurisdictional threshold.'" *Blue Canoe, Inc. v. Western World Ins. Co.*, 2021 WL 706758, at *2 (N.D. Miss. Feb. 23, 2021) (quoting *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010)) (additional quotation marks and citations omitted). However, in reviewing Bounds' Complaint [2], he does not allege a specific damages amount.

This Court, in accordance with Fifth Circuit precedent, has routinely considered post-removal affidavits in determining the amount-in-controversy in a particular case if the amount-in-controversy is ambiguous at the time of removal. *See Byrd v. Food Giant Supermarkets, Inc.*, 2015 WL 1509487 at *1 (N.D. Miss. Mar. 31, 2015); *Perritt v. Westlake Vinyles Co. L.P.*, 562 Fed. Appx. 228, 232 (5th Cir. 2018) (noting that post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Blue Canoe*, 2021 WL 706758 at *2 ("[I]f the amount in controversy is ambiguous at the time of removal, however, the Court may consider a post-removal stipulation or affidavit, or other summary judgment-type evidence, to determine the amount in controversy."). Although these authorities make clear that this Court may consider stipulations or

3

other summary judgment type evidence concerning the amount-in-controversy, Bounds attached nothing of that nature to his Motion [5]. Instead, he simply alleges that he and Law "agree that the amount in controversy does not exceed Seventy-Five Thousand Dollars ($75,000.00)." [5] at p. 1. The Court, however, does not have any documentation supporting that agreement.

Ultimately, the Court finds Bounds' filing to be insufficient. Nevertheless, the Court will provide Bounds an opportunity to address the deficiency and provide a stipulation or affidavit or some other equivalent documentation to support his request.[2]

*Conclusion*

For the reasons set forth above, Bounds' Motion to Remand [5] is DENIED *without prejudice*. Should Bounds desire that this Court remand the case, he shall, within fourteen (14) days of today's date, file a renewed Motion with the appropriate supporting documentation, as explained above. If Bounds does not file a renewed Motion within fourteen (14) days of today's date, the Court will lift the stay, and the case shall proceed in this Court.

SO ORDERED, this the 20th day of April, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[2] Although Bounds did not raise the language of 28 U.S.C. §1441(b)(2), the Court notes that the statute in pertinent part provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Law states in his Notice of Removal [1] that he is "an adult resident citizen of the State of Mississippi." [1] at p. 2. However, Bounds did not seek remand on that ground, and "[t]he forum defendant rule is procedural and not jurisdictional." *Kelly v. Dedicated Logistics, LLC*, 2017 WL 3880317, at *2 (N.D. Miss. Sept. 5, 2017) (citing *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 396 (5th Cir. 2009)). Furthermore, another district court in this Circuit has previously noted "[t]he Fifth Circuit has recently held that the forum-defendant rule is a procedural grounds for remand and is therefore waivable if not timely raised within 30 days of removal." *Evans v. Rare Coin Wholesalers, Inc.*, 2010 WL 595653, at *3 (E.D. Tex. Jan. 28, 2010) (citing *Exxon*, 558 F.3d at 396).